IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC SMITH, #M48251, **Plaintiff,** v. DIRECTOR I.D.O.C., ANTHONEY WILLS, and ROB JEFFRIES, **Defendants.** | Case No. 23-cv-00478-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Eric Smith, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. See 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).[1]

### DISCUSSION

Plaintiff claims that he has been refusing housing since October 27, 2022, because Menard Correctional Center ("Menard") staff are not honoring his "single man cell status" designation

---

[1] Plaintiff's motion to proceed *in forma pauperis* has not been ruled on by the Court and remains pending. (Doc. 2). However, because the Complaint includes a request for preliminary injunctive relief, the Court will take up the case now. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

given to him by the mental health department. He states he was attacked by his cellmate on August 26, 2022, and has been denied protective custody. Plaintiff asserts that because he is being denied a single man cell, his health and safety are at risk. Plaintiff asks the Court to order Defendants to grant him single man cell status or for an institutional transfer.

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). A plaintiff must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555. And, because Plaintiff brings his claims under Section1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted).

Here, Plaintiff fails to allege specific acts of wrongdoing by any individual defendant or facts suggesting personal involvement as required for Section 1983 liability. In fact, none of the listed defendants are mentioned in the statement of claim, and merely naming a potential defendant in the case caption is not enough. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Moreover, these individuals cannot be held liable based on their administrative or supervisory positions, as the doctrine of *respondeat superior* (supervisory liability) is not applicable to section 1983 actions. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).

Because Plaintiff has failed to state a claim for relief against any Defendant, the Complaint will be dismissed without prejudice. Plaintiff will be given an opportunity to re-plead his claims in an amended complaint.

### MOTION FOR PRELIMINARY INJUNCTION

Within the Complaint, Plaintiff seeks a preliminary injunction. In order to obtain emergency injunctive relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997).

The Court has found that the Complaint, as currently drafted, fails to state a claim, which makes it impossible for Plaintiff to prove that he is likely to succeed on the merits of his claims. Accordingly, Plaintiff's request for a preliminary injunction must be denied. However, even if the Complaint had survived preliminary review, Plaintiff has not demonstrated how he will suffer irreparable harm without intervention from the Court. Although he states that his health and safety are at risk unless he is housed in a single cell, Plaintiff does not describe any conduct on the part of staff or other inmates that leads him to this conclusion. He states he was attacked by a cellmate in August 2022, but he does not assert that staff at Menard are attempting to house him with that same individual, and it is not clear why he currently fears for his safety. In the absence of specific facts which clearly show that immediate or irreparable injury, loss, or damages will result without injunctive relief, a preliminary injunction is not warranted.

For these reasons, the request for a preliminary injunction is **DENIED.**

### MOTION FOR RECRUITMENT OF COUNSEL

The motion for recruitment of counsel is this District's standard form that Plaintiff has left completely blank. (Doc. 3). Plaintiff does not explain what attempts he has made to obtain counsel himself prior to seeking assistance from the Court. Neither does he state why he is incapable of

representing himself in this matter. Accordingly, the motion for recruitment of counsel is **DENIED.** *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (identifying factors district court should consider when presented with a request for counsel by a pro se litigant).

## DISPOSITION

For the reasons stated above, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 15, 2023**. Should Plaintiff fail to file a First Amended Complaint within the allotted time, the entire case shall be dismissed with prejudice for failure to state a claim and/or for failure to prosecute. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the standard civil rights complaint form along with this Order.

The Motion for Recruitment of Counsel is **DENIED.** (Doc. 3). The request for a preliminary injunction is **DENIED.** (Doc. 1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   February 15, 2023**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**